IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-47-BO

| | | |
|---|---|---|
| CHRISTINE BROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on memorandum and recommendation (M&R) from United States Magistrate Judge Robert T. Numbers, II. For the reasons discussed below, the M&R is adopted, the Commissioner's motion for judgment on the pleadings is granted, and plaintiff's motion for judgment on the pleadings is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed for SSI on October 15, 2012, alleging disability since January 3, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

On July 8, 2015, the Court referred the pending cross-motions for judgment on the pleadings to United States Magistrate Judge Numbers for entry of an M&R. [DE 25]. Magistrate Judge Numbers' M&R was entered on November 17, 2015, recommending that the Commissioner's motion be granted and the ALJ's decision be affirmed. Plaintiff timely filed an objection, to which the Commissioner has responded.

## DISCUSSION

A district court is required to review an M&R *de novo* if a party specifically objects to it or in cases of plain error. 28 U.S.C. § 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a *de novo* determination of those specific findings to which the party has actually objected. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Objections to "strictly legal issues" and "conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations" do not require *de novo* review. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff has objected to the M&R, arguing that the ALJ failed to consider evidence in the record related to plaintiff's obsessive compulsive disorder and irritable bowel syndrome. Specifically, plaintiff first contends that she can only go outside her house when she is driven to a doctor's appointment and in order to tend to a small vegetable garden in her yard. She next contends that her obsessive compulsive disorder and inability to use a public bathroom, in combination with her irritable bowel syndrome, make it impossible for her to be away from home for extended periods. Plaintiff also points to the testimony of the vocational expert present at her hearing before the ALJ who stated that a person who misses work regularly would be

2

precluded from maintaining gainful employment; plaintiff attends metal health appointments once a month as well as weekly group therapy sessions.

None of plaintiff's statements point to a specific error in the recommendation made by the magistrate judge. However, because plaintiff is proceeding pro se, the Court will review the ALJ's treatment of plaintiff's non-exertional limitations raised in her objection *de novo*.

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

In his decision, the ALJ found plaintiff's obsessive compulsive disorder (OCD), major depressive disorder, and irritable bowel syndrome to be severe impairments at step two of the sequential evaluation.[1] Tr. 23. At the hearing before the ALJ, plaintiff specifically discussed her fear of germs, her preference to stay home rather than to be in public, and her therapy sessions. Tr. 47-48. Plaintiff also discussed her irritable bowel syndrome and her refusal to use public restrooms. Tr. 52-53. The ALJ's decision reflects that he considered plaintiff's frequent handwashing due to fear of germs and her participation in therapy for her OCD symptoms. Tr. 28. The ALJ further noted the absence of documented inflammatory bowel disease, that a 2013

---

[1] The Court incorporates by reference the magistrate judge's recitation of the five-step sequential evaluation for determining whether a claimant is disabled and the applicable legal standards on review. [DE 27 at 4-5].

3

CT of plaintiff's abdomen was normal, and that plaintiff reported that her irritable bowel symptoms were minimal following a change in her medication in 2012. Tr. at 24; 28.

Accordingly, the bases of plaintiff's objection were presented to and the decision reflects considered by the ALJ. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (even a failure "to cite specific evidence does not [necessarily] indicate that it was not considered."). Moreover, the medical evidence in the record does not support plaintiff's claim that these limitations would preclude her from work. The treatment notes discuss the presence of OCD, *see e.g.* Tr. 521, but there is not substantial evidence in the record which would support a finding that the condition is disabling. While Dr. Wagnitz, plaintiff's treating psychiatrist, recommends continued psychotherapy to treat plaintiff's OCD, there is no evidence in the record which would support a finding that such psychotherapy sessions would necessitate absence from work such that gainful employment could not be maintained. Finally, as discussed above, there is a lack of any documented inflammatory bowel disease as well as plaintiff's own report that her symptoms improved.

The record demonstrates that the ALJ considered plaintiff's non-exertional limitations and that his findings related to plaintiff's OCD and irritable bowel syndrome are supported by substantial evidence. Accordingly, the magistrate judge's recommendation that the decision of the ALJ be affirmed is without error.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the memorandum and recommendation. [DE 27]. Plaintiff's motion for judgment on the pleadings [DE 20] is DENIED and defendant's motion for judgment on the pleadings [DE 23] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this __29__ day of January, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE